UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2129

WILLIAM H. BLACK; LINDA WILSON,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:16-cv-00299-CMC)

Submitted:  February 22, 2017                    Decided:  April 11, 2017

Before DUNCAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William H. Black; Linda Wilson, Appellants Pro Se.  Anne Hunter Young, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William H. Black and Linda Wilson appeal from the district court's order denying their motion to quash writs of execution that were entered on restitution orders made under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A to 3664 (2012) (MVRA). We affirm.

We review a district court's denial of a motion to quash for abuse of discretion, and its legal conclusions de novo. *See United States v. Under Seal*, 737 F.3d 330, 332-33 (4th Cir. 2013). An order of restitution entered under the MVRA is treated as "a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c) (2012).

Appellants claim that the writs of execution are unenforceable because lien notices were not refiled within ten years and thirty days of entry of the restitution orders, as required under 26 U.S.C. § 6323(g) (2012). However, Congress made clear that "[t]he failure to refile [a] tax lien at the appropriate time [does] not . . . affect the validity of the lien itself," but rather potentially the priority of the lienholder. *Griswold v. United States*, 59 F.3d 1571, 1579 n.17 (11th Cir. 1995) (citing S. Rep. No. 1708, 89th Cong., 2d Sess. 12 (1966), *reprinted in* 1966 U.S.C.C.A.N. 3722, 3733). Thus, this contention is meritless. Contrary to Appellants' other argument, the limitations period applicable to MVRA restitution orders is twenty years, not ten. *See* 18 U.S.C. § 3613(c) (2012). The MVRA restitution orders against Black and Wilson were issued in 2002, and so remain in effect today.

2

Accordingly, we grant leave to proceed in forma pauperis and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*